FIRST INSURANCE COMPANY OF HAWAII, LTD., Respondent-Appellant, v. GERALD JACKSON, Petitioner-Appellee

(CIVIL NO. 73429)

NO. 9288

MAY 17, 1984

LUM, C.J., NAKAMURA, PADGETT AND HAYASHI, JJ., AND CIRCUIT JUDGE MOON, IN PLACE OF ASSOCIATE JUSTICE WAKATSUKI, DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

First Insurance Company of Hawaii, Ltd., appealed from a summary judgment entered in the Circuit Court of the First Circuit. The Intermediate Court of Appeals reversed, holding that summary judgment was not appropriate in the case. We are in agreement with the holding of the Intermediate Court of Appeals but granted certiorari because the Intermediate Court of Appeals, in its opinion, stated

[a]lthough called a "right of subrogation," the insurer's HRS § 294-7 right is, in effect, a right of reimbursement after the insured effects a tort recovery. . . .

and because the Intermediate Court stated

. . . HRS § 294-7 imposes on the insured an obligation of good faith under objective standards in the settlement and release of his tort claim so that his insurer's statutory right of reimbursement would not be cut off without a legitimate reason.

The statements just quoted seem to imply that in an action such as this, the burden of proof is upon the insured and not upon the insurer. We are not in agreement.

In this case, the appellee held a no-fault automobile policy issued by the appellant. Appellee was injured in an auto accident and appellant paid him no-fault benefits totaling $8,459.74. Appellee and his wife sued the other driver involved in the accident for general damages of $100,000 and $10,000, respectively, and special damages in an amount to be shown at the time of trial. Subsequently, appellee and his wife settled with the other driver for $25,000 and executed a release with him and his insurer which stated:

IT IS SPECIFICALLY UNDERSTOOD AND AGREED that the parties hereby released agree that the consideration paid hereunder by OSCAR JASPER and MARYLAND CASUALTY COMPANY is for general damages only and does not duplicate any no-fault benefits paid to date. The consideration is for general damages only.

Appellant brought the present action seeking reimbursement of one-half of the no-fault benefits paid pursuant to HRS § 294-7,

as amended. Appellee argued that the release was conclusive and binding and the trial court rendered a summary judgment in his favor on that issue.

Section 294-7, HRS, as amended, states:

Whenever any person effects a tort liability recovery for accidental harm, whether by suit or settlement, which duplicates no-fault benefits already paid under the provisions of this chapter, the no-fault insurer shall be subrogated to fifty per cent of the no-fault benefits, up to the maximum limit specified by section 294-3(c), paid to such person.

The issue in the case is whether the settlement duplicated no-fault benefits already paid to the appellee. This is an issue of fact. Since the terms of the release are not conclusive and binding as a matter of law, they are only evidence. On the record, we cannot say, therefore, that there was no genuine issue of material fact as to whether the settlement did or did not encompass, in whole or in part, a duplication of no-fault benefits already paid.

The opinion of the Intermediate Court of Appeals equated the issue of whether no-fault benefits already paid had been duplicated in the settlement with "good faith." No such criterion appears in the statute.

Although the statutory section says that the insurer is "subrogated" in this case, its claim to recovery of one-half of the no-fault benefits paid is not a subrogation action in the classical sense since the suit is against the insured, who stands in the position of the subrogor creditor, and not against the other driver and his insurance company, who stand in the position of debtor. *See* 73 Am. Jur.2d, *Subrogation* § 139 (1974) and compare *Kapena v. Kaleleonalani,* 6 Haw. 579 (1885) and *Alamida v. Wilson,* 53 Haw. 398, 495 P.2d 585 (1972). In a classical subrogation action, the burden of proof, of course, is upon the party claiming subrogation to show that he is entitled to it. 73 Am. Jur.2d, *Subrogation* § 141 (1974). We see no difference in an action such as this, which is brought by an insurer to enforce its claimed rights under HRS § 294-7. On remand, the insurer must prove factually that the settlement duplicated, in whole or in part, the no-fault benefits it had already paid.

The judgment of the circuit court is reversed and the case is remanded for further proceedings consistent herewith.

168

*Henry N. Kitamura, Raymond J. Tam* and *Roy K. S. Chang (Shim, Sigal, Tam & Naito* of counsel) for petitioner.

*Ashley K. Fenton* and *Carleton B. Reid (Davis, Playdon, Reid & Richards* of counsel) for respondent.