## In re HAWAII DAIICHI–KANKO, INC., Debtor(s).

### Bankruptcy No. 76–00192.

United States Bankruptcy Court, D. Hawaii.

March 17, 1987.

See also, Bkrtcy., 24 B.R. 163.

Carol Dailey, Honolulu, Hawaii, for Trustee.

Linda M. Katsuki, Honolulu, Hawaii, for Daiichi-Kanko Co., Ltd.

Richard Kowen, Honolulu, Hawaii, for First Hawaiian Bank.

FINDINGS OF FACT AND CONCLU-
SIONS OF LAW RE: AMENDED
APPLICATION FOR INSTRUCTIONS

JON J. CHINEN, Bankruptcy Judge.

On January 14, 1987, the Distributing Trustee ("Trustee") filed an Amended Application for Instructions with Respect to Participating Certificate No. GU-9-20. The matter was heard on January 29, 1987, at which time Carol Dailey, Esq. represented the Trustee, Linda M. Katsuki, Esq. represented Daiichi Kanko Kaihatsu Co., Ltd. ("Daiichi") and Richard Kowen, Esq. represented First Hawaiian Bank ("First Hawaiian"). The Trustee took no position, but requested an award of fees.

Based upon the records in this bankruptcy and in the related case of *First Hawaiian Bank v. Daiichi Kanko Kaihatsu Co., Ltd.*, Civil No. 78-0228 (U.S.D.C.Hawaii), the respective memoranda filed, and the arguments of counsel, this Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The Trustee, Cale W. Carson, is seeking instructions as to the proper distribution under Participating Certificate No. GU-9-20 ("Certificate"). Both Daiichi and First Hawaiian claim ownership of the Certificate.

2. The Certificate was issued to First Hawaiian on December 1, 1981, in the principal sum of $207,839.47, without interest thereon, because of three unpaid promissory notes executed by Debtor in favor of First Hawaiian.

3. These three promissory notes are as follows: 1) Note dated January 16, 1975 in the principal sum of $100,000; 2) Note dated March 5, 1975 in the principal sum of $50,000; and 3) Note dated April 24, 1975 in the principal sum of $50,000. Interest on these three notes accrued at the rate of one percent (1%) over the prime rate of First Hawaiian.

4. These three notes were signed by the Debtor and delivered to First Hawaiian pursuant to the terms and conditions of a $200,000 line of credit issued by First Hawaiian to the Debtor. As an express condition of this line of credit, First Hawaiian required and Daiichi provided a corporate Continuing Guaranty dated August 14, 1974, covering all of the advances made under the line of credit to the Debtor. Daiichi disputes the Continuing Guaranty.

5. First Hawaiian filed an action in State Court on October 24, 1977 against Daiichi alleging breach of the Continuing Guaranty. The cause of action was removed to the Federal Court (Civil No. 78-0228), and the matter was heard before Judge Samuel P. King on August 7 and 8, 1984.

6. On August 21, 1984, Findings of Fact and Conclusions of Law were entered in Civil No. 78-0228, pursuant to which a judgment was entered in favor of First Hawaiian and against Daiichi in the amount of $418,389.51 together with interest, attorneys' fees, and costs.

7. On December 5, 1984, an Amended Bill of Costs in the amount of $1,451.48 was entered in Civil No. 78-0228. And on December 6, 1984, an Order Granting Motion for Attorneys' Fees in favor of First Hawaiian in the amount of $49,840.93 was entered. With the Amended Bill of Costs and the award of attorneys' fees, the total judgment in favor of First Hawaiian against Daiichi was in excess of $469,000.00.

8. Daiichi appealed from the Findings of Fact and Conclusions of Law and the Judgment entered in Civil No. 78-0228. Prior to oral argument of the appeal, First Hawaiian and Daiichi entered into a settlement whereby Daiichi paid to First Hawaiian the sum of $250,000 and the parties agreed to dismiss the appeal. The settlement negotiations were carried out in Japan, and the settlement agreement is written in Japanese. No official translations of the agreement was offered by either party. It is also unknown as to whether the attorneys for First Hawaiian or the attorney for Daiichi prepared the settlement agreement.

9. Daiichi paid the compromise amount of $250,000 on or about December 17, 1985, and on December 20, 1985, First Hawaiian

filed a Satisfaction of Judgment in Civil No. 78–0228. This satisfaction was recorded in the Bureau of Conveyances, State of Hawaii, on December 30, 1985.

10. Daiichi claims that, under the terms of the settlement, First Hawaiian was obligated to return the notes and guaranty, but did not because First Hawaiian claimed that it could not find the originals.

11. First Hawaiian retains possession of Participating Certificate No. GU–9–20.

12. To the extent that these Findings of Fact constitute Conclusions of Law, they shall be so considered.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and over the subject matter.

2. A guaranty of the obligation of another is an absolute undertaking imposing liability on the guarantor immediately upon the default of the principal debtor. *International Trust Company, Ltd. v. Suzui,* 31 Hawaii 34 (1929). In a subrogation action, the burden of proof is on the party claiming subrogation to show that it is entitled to such right. *First Insurance Co. of Hawaii, Ltd. v. Jackson,* 67 Hawaii 165, 681 P.2d 569 (1984).

3. Where there is no express contractual right of subrogation, a guarantor is not entitled to be subrogated to the rights of the creditor until the creditor has been paid in full by the guarantor. *State Bank of Streeter v. Nester,* 385 N.W.2d 95 (N.D.1986); 73 Am Jr.2d. Subrogation Section 30.

4. In the Continuing Guaranty dated August 14, 1974, Daiichi expressly waived its rights to subrogation. Under the terms and conditions of the Continuing Guaranty executed by Daiichi, Daiichi acknowledged that First Hawaiian had the independent right to bring an action against the guarantors and that the obligations under the Continuing Guaranty were independent of the obligations of the Debtor.

5. Although the evidence tends to establish the proposition that First Hawaiian had agreed to return the Continuing Guaranty and Notes to Daiichi, the evidence does not support a finding that the return of the Certificate to Daiichi was a part of the Settlement Agreement.

6. No demand was made by Daiichi that First Hawaiian surrender the Participating Certificate to Daiichi prior to the time it was learned that a distribution from Debtor's estate would become available. The Court can only conclude that, at the time of the negotiation of the settlement, Daiichi did not believe that any distribution would be made on the Certificate, and thus allowed First Hawaiian to retain possession of the Certificate as part of the Settlement Agreement. The Court notes that the Certificate was issued in 1981, and the settlement occurred in 1984. Thus, the existence of the Certificate was, or should have been known, to all parties involved.

7. Inasmuch as First Hawaiian has not assigned, conveyed, transferred or in any other way waived or relinquished its rights under the Certificate, First Hawaiian is entitled to the distribution from the Debtor's estate.

8. Based on the foregoing, the Court finds that Daiichi is not entitled to be subrogated to the rights of First Hawaiian under the Certificate, since Daiichi has failed to prove its rights in the Certificate.

9. The Trustee has also requested that it be awarded the fees and costs incurred in bringing this motion, which is in the nature of an interpleader action. Since the Trustee has no economic interest in the outcome, costs and fees are allowed to the Trustee. *See e.g. Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.,* 306 F.2d 188 (9th Cir.1962).

10. Upon a review of the timesheets, the Court awards $794.56 in fees to the Trustee out of the funds otherwise payable from the Certificate.

11. To the extent that these Conclusions of Law constitute Findings of Fact, they shall be so considered.

### ORDER

The attorneys for the Distributing Trustee are entitled to attorneys' fees in having

to bring this Application in the amount of $794.56 out of the funds to be distributed to First Hawaiian Bank as the owners of the Certificate.

A judgment conforming to the above will be signed upon presentment.