**PACIFIC INSURANCE COMPANY, LTD.,** Plaintiff–Appellee, v. **RICARDO D. ESPERANZA, JR.,** Defendant–Appellant

No. 15417

(CIVIL NO. H90–3723)

JULY 28, 1992

WAKATSUKI, ACTING C.J., MOON, KLEIN, AND LEVINSON, JJ., AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS, · IN PLACE OF LUM, C.J., RECUSED

OPINION OF THE COURT BY KLEIN, J..

In this case we address the issue of whether a temporary disability insurance (TDI) carrier is, as a matter of law, entitled to full reimbursement of TDI benefits from its insured's employee under its Hawaii Revised Statutes (HRS) § 392–46 subrogation and lien rights when the employee receives a "general damages only" settlement from the tortfeasor. We answer this question in the negative and hold that the issue of whether a "general damages only" settlement duplicates TDI benefits paid to an insured's employee is a question of fact.

I.

As a result of a June 15, 1989 car accident, Ricardo D. Esperanza, Jr. (Esperanza) received $4,641.13 in TDI benefits from Pacific Insurance Company, Ltd. (Pacific), the TDI insurer for Esperanza's employer. Pacific gave notice of its subrogation and lien rights for TDI benefits, on December 21, 1989, to Esperanza and the tortfeasor's insurer, Island Insurance Co. (Island). On June 19, 1990, the tortfeasor and Island settled with Esperanza, for general damages only ($52,500), without suit being filed. The Release of All Claims executed by Esperanza and his wife states, "[t]his is for general damages release non–duplicative of no–fault, medical and loss of wages." The Complaint alleges that, based upon HRS § 392–46, Pacific is entitled to recover the full amount of the temporary disability benefits that it paid to Esperanza.

Pacific and Esperanza filed motions for summary judgment on February 22, 1991 and February 25, 1991, respectively.

Without a hearing, the district court entered a Ruling on Cross Motions for Summary Judgment which (1) granted Pacific's motion, (2) denied Esperanza's motion, and (3) ordered that judgment be entered for Pacific against Esperanza in the amount of $4,641.13, plus costs. The basis for the court's ruling was, in relevant part:[1]

> This Court finds this case analogous to the facts of *PETERS v. WEATHERWAX*, 69 Haw. 21, 731 P.2d 157 (1987). As Justice Nakamura found in *PETERS*, this Court finds that it would constitute unjust enrichment to allow Defendant Esperanza to use the Release which is attached as Exhibit E to Plaintiff's MOTION FOR SUMMARY JUDGMENT and as Exhibit A to Defendant's MOTION FOR SUMMARY JUDGMENT to defeat the lien in favor of Plaintiff imposed upon Defendant by Hawaii Revised Statutes § 392–46. To prevent such unjust enrichment, this Court finds that it is appropriate to restitution [sic] to Plaintiff of the amount of the TDI payments made to Defendant.

On May 13, 1991, the court entered findings of fact and conclusions of law echoing its earlier ruling and a judgment awarding Pacific $4,691.13 (including costs of $50). Esperanza timely appeals from the judgment entered in favor of Pacific upon the district court's ruling on the cross–motions for summary judgment.

## II.

On appeal from an award of summary judgment, we apply the same standard as in the trial court's determination of the summary judgment motion. *Cuba v. Fernandez*, 71 Haw. 627, 631, 801

---

[1] The court also ruled that even had Esperanza prevailed upon his motion for summary judgment, HRS § 431:10–242 would not allow the awarding of attorney's fees in this case since this is not a situation where the insurance company is contesting its liability under the insurance policy. However, this issue is not before us on appeal.

P.2d 1208, 1211 (1990) (citing *First Hawaiian Bank v. Weeks*, 70 Haw. 392, 396, 772 P.2d 1187, 1190 (1989)). To affirm the judgment for Pacific, we must find that there is no genuine issue of material fact and that Pacific is entitled to judgment as a matter of law. *Id.*

### A.

Esperanza argues that Pacific's subrogation and lien rights pursuant to HRS § 392–46 apply only to the extent that the settlement includes payment for wage loss. The language of the statute supports this position:

> **Subrogation rights against third parties.** If any individual who has received benefits under this chapter is entitled to recover damages from a third person who is responsible for the sickness or accident causing the disability, . . . the insurer . . . providing disability benefits shall be subrogated to, and have a lien upon, the rights of the individual against the third party *to the extent that the damages include wage loss* during the period of disability for which temporary disability benefits were received in the amount of such benefits.
>
> . . . .

HRS § 392–46 (1985) (emphasis added). In interpreting HRS § 392–46, we must give effect to the intent of the legislature. *See, e.g., Kaiser Hawaii Kai Dev. Co. v. City & County*, 70 Haw. 480, 483, 777 P.2d 244, 246 (1989). The legislative history does not contain any discussion of the subrogation and lien rights. However, HRS § 392–2 indicates that the "[TDI] chapter shall be liberally construed in light of the stated reasons for its enactment and its declared purpose." HRS § 392–2 (1985). The stated purpose of the TDI statute is to "fill the existing gaps in protection" and assure that working people who are disabled off the job will get "reasonable compensation for wage loss" when they are not otherwise

protected from such loss. *Id.* In light of this purpose, we interpret HRS § 392–46 to provide subrogation and lien rights only when an insured receives duplicate payments for wage loss. To hold otherwise would merely create a different "gap" in compensation which would negate the intention of the legislature. Thus, we conclude that the statute gives Pacific only the right to recover settlement monies paid to Esperanza for lost wages.

### B.

Pacific argues that it gave notice of its lien to Esperanza in compliance with HRS § 663–10[2] and Esperanza should not be permitted to evade the lien by labelling the release "for general damages only."[3] The district court apparently agreed with Pacific and determined that, in accordance with *Peters v. Weatherwax*, 69 Haw. 21, 731 P.2d 157 (1987), Esperanza would be unjustly enriched (as a matter of law) if he did not reimburse Pacific the full amount of TDI benefits paid.

Although the lower court found this case analogous to the facts of *Peters*, review of that case reveals an important difference. After Peters was injured in an auto accident, he received medical

---

[2] **§ 663–10 Collateral Sources; protection for liens and rights of subrogation.** In *any civil action in tort*, the court, before any judgment or stipulation to dismiss the action is approved, shall determine the validity of any claim of a lien against the amount of the judgment or settlement by any person who files timely notice of the claim to the court or to the parties in the action . . . . As used in this section, lien means a lien arising out of a claim for payments made or indemnified from collateral sources for costs and expenses arising out of the injury which is the subject of the *civil action in tort*.

HRS § 663–10 (Supp. 1991) (emphasis added).

Although not central to this appeal, we note that HRS § 663–10 only triggers action by a court, prior to judgment or dismissal, in a civil action in tort. In this case, Esperanza settled with the tortfeasor and her insurer without filing a lawsuit and thus, HRS § 663–10 is not necessarily implicated.

[3] Pacific notes that the $52,500 settlement amount was within Island's policy limits of $300,000.

assistance from the Department of Social Services and Housing (DSSH). *Peters*, 69 Haw. at 23, 731 P.2d at 159. A lawsuit followed and, after the circuit court denied the State's motion to intervene,[4] a $255,000 "general damages only" settlement was reached between Peters and the tortfeasor. *Id.* at 23–25, 731 P.2d at 159–60. Only after the settlement and release documents were signed did the court belatedly grant the State's motion for reconsideration and allow the intervenor's complaint to be filed. *Id.* at 24–25, 731 P.2d at 160. Ultimately, the circuit court held the State had no claim for special damages against the defendants–tortfeasors. *Id.* at 26, 731 P.2d at 160–61. The State was not seeking recovery from Peters himself.

On appeal, this court held that the right to recover medical expenses from the tortfeasor was not Peters' to waive. 69 Haw. at 28–29, 731 P.2d at 162.[5] Nevertheless, the unjust enrichment that the *Peters* court referred to was that of the defendants, not Peters. *Id.* at 29, 731 P.2d at 162. The court explained, "defendants may have discharged their tort liability for less than what was just in the circumstances at the expense of the State; and it would then be unjust for them to retain the benefit of the State's

---

[4] The State wanted to intervene as a party plaintiff to establish a HRS § 346–37 lien. HRS § 346–37 (1985) supplies the means by which DSSH may recover medical assistance benefits:

> If the department has provided medical assistance . . . to a person who was injured . . . under circumstances creating a tort or other liability against some third person, the department shall have a right to recover from the third person an amount not to exceed the amount of medical assistance . . . furnished. . . . The department shall as to this right be subrogated to any right or claim that a claimant . . . has against such third person for special damages to the extent of the amount of medical assistance . . . furnished . . . .

[5] "Although, as between debtor and creditor, the debt may be extinguished, yet, as between the person who has paid the debt and the other parties, the debt is kept alive by the doctrine of subrogation . . . ." *Peters*, 69 Haw. at 29, 731 P.2d at 162 (quoting H. Sheldon, THE LAW OF SUBROGATION § 11, at 10 (1882) (footnotes omitted)) (brackets omitted).

assumption of the obligation to pay the accident victim's medical bills." *Id.*

The obvious difference between this case and *Peters* is that here the benefit provider is seeking recovery from the accident victim, not the tortfeasor who may have been unjustly enriched at the provider's expense. The district court's reliance on *Peters* to find that Esperanza was unjustly enriched, as a matter of law, is unwarranted. However, the facts and issues in another Hawaii Supreme Court decision are more analogous to those presented in this case.

## III.

In *First Insurance Co. of Hawaii, Ltd. v. Jackson*, 67 Haw. 165, 681 P.2d 569 (1984), we rejected the Intermediate Court of Appeals' holding that the subrogation provision of the no–fault statute, HRS § 294–7,[6] imposes a burden on the insured to show that he or she settled and released his or her tort claim in good faith.[7] After Jackson and his wife sued the tortfeasor for $110,000 in general damages and special damages in an amount to be proven at trial, the Jacksons and the tortfeasor executed a $25,000 "general

---

[6] HRS § 294–7 (1985) (current version at HRS § 431:10C–307 (Supp. 1991)) provided:

> **Rights of subrogation.** Whenever any person effects a tort liability recovery for accidental harm, whether by suit or settlement, which duplicates no–fault benefits already paid under the provisions of this chapter, the no–fault insurer shall be subrogated to fifty percent of the no–fault benefits, up to the maximum limit specified by section 294–3(c), paid to such person.

[7] *See First Ins. Co. of Haw. v. Jackson*, 5 Haw. App. 98, 678 P.2d 1095, *aff'd on other grounds*, 67 Haw. 165, 681 P.2d 569 (1984). Another part of the ICA opinion declaring that "the insurer has no right to pursue the tortfeasor for any portion of the no–fault benefits paid" was expressly overruled in *Grain Dealers Mutual Insurance Co. v. Pacific Insurance Co.*, 70 Haw. 211, 768 P.2d 226 (1989). Subsequently, the legislature amended § 431:10C–307 to eliminate the "shall be subrogated" language and to substitute "shall be reimbursed . . . by such person receiving the duplicate benefits." *See* 1989 Haw. Sess. Laws, Act 83.

damages only" settlement agreement and release. 67 Haw. at 166, 681 P.2d at 570. Jackson's insurer, First Insurance, sued him for reimbursement of one–half of the no–fault benefits paid. *Id.* Jackson argued that the release was conclusive and binding; the trial court agreed and entered summary judgment for Jackson. *Id.* at 167, 681 P.2d at 570. This court reversed, holding that:

> The issue in the case is whether the settlement duplicated no–fault benefits already paid to appellee. This is an issue of fact. Since the terms of the release are not conclusive and binding as a matter of law, they are only evidence.
>
> . . . .
>
> ... On remand, *the insurer* must prove factually that the settlement duplicated, in whole or in part, the no–fault benefits it had already paid.

*Id.* (emphasis added).

Although this case stems from a different statutory provision, the facts and issues are quite similar.[8] We reject both (1) Esperanza's argument that the release is unambiguous and conclusive evidence that the settlement did not compensate him for wage loss and (2) Pacific's argument that the settlement duplicated the TDI benefits paid to Esperanza, as a matter of law. In light of our decision in *Jackson*, we hold that Pacific must prove factually (1) that the settlement duplicated the TDI benefits paid for lost wages and (2) the extent of the duplication.

---

[8] In *Grain Dealers Mutual Insurance Co. v. Pacific Insurance Co.*, 70 Haw. 211, 768 P.2d 226 (1989), the no–fault insurer sued both its insured and the tortfeasor's insurer under the no–fault subrogation statute. However, the issues on appeal concerned only the no–fault insurer's claims against the tortfeasor's insurer and that case provides little guidance on the question of Esperanza's liability to Pacific.

## IV.

We, therefore, remand the case with directions that the district court hold an evidentiary hearing and make findings of fact on the issue of Pacific's HRS § 392-46 lien rights against Esperanza. Pacific can only recover from Esperanza the amount, if any, that Island paid him for lost wages.

Accordingly, we vacate the May 13, 1991 judgment of the district court and remand the case for further proceedings consistent herewith.

*Erlinda Dominguez, Thomas J. Kaster*, and *Thomas E. Walsh* for Defendant–Appellant.

*Colleen K. Hirai* and *Diane W. Wong* of Libkuman, Ventura, Ayabe, Chong & Nishimoto for Plaintiff–Appellee.