# CALEDONIA COUNTY.

## March Term, 1840.

—————

Present, Hon. STEPHEN ROYCE,
     "   JACOB COLLAMER,
     "   ISAAC F. REDFIELD, } *Assistant Justices.*
     "   MILO L. BENNETT.

—————————————

## E. W. Spaulding *v.* B. F. Chamberlin.

A justice's record cannot be contradicted by parol, nor in any way be collaterally impeached.

THIS was an action of trespass and false imprisonment. Plea, general issue, with notice that the supposed false imprisoment was an arrest made by virtue of an execution duly issued by John Curtis, Esq., a justice of the peace of Orange county, on a judgment rendered by said justice, which judgment remained in force and unsatisfied.

The arrest being proved, the defendant gave in evidence a copy of the judgment described in his notice, by which it appeared that a writ of execution issued on the 2d day of January, 1839, and had not been returned. The execution, upon which the arrest was made, being produced, corresponded in every respect with the one issued. The plaintiff,

for the purpose of obviating the proof on the part of the defendant, offered to show that when the original writ in the case issued and was served upon the plaintiff, it bore the signature of another justice, which was subsequently erased by defendant, and the name of the justice who rendered the judgment written over the erasure, without the knowledge of the last mentioned justice, who, on the writ being returned to him, rendered judgment thereon, (as he had certified in the copies presented,) but that the judgment was not made up by himself but by the attorney, who, after the rendition of the same, had induced the justice to recognize it as his own and record it. This proof, being objected to, was rejected by the court. The plaintiff then gave evidence, without objection, tending to show that the execution, upon which the arrest was made, issued without the knowledge or consent of the justice, and that it was fabricated by the defendant. The defendant also introduced proof tending to show that the execution was issued by said justice under his own signature.

The court charged the jury that, unless they found that the justice issued the execution under his signature, or directed the defendant or some other one to affix his name to this particular execution, knowing, himself, all its contents, and, at all events, unless this was the very execution which, in his record, he had certified that he issued, and unless it was signed in one of the modes specified, the plaintiff must recover; that, if they found it did issue in this manner, the defendant would not be liable in this action, although he acted as an amanuensis of the justice in affixing his name to the execution, and then put it into the hands of the officer for collection, who, accordingly, did collect it.

The jury returned a verdict for the defendant, and the plaintiff excepted to the decision and charge of the court.

*T. Bartlett*, for plaintiff, contended,

1. That where the magistrate exceeds his jurisdiction, trespass may be maintained for any thing done thereunder. 2 Saund. Pl. & Ev. 138. 16 C. L. R. 20. 2 T. R. 225. 1 Chitty's Pl. 184.

2. Where the court has no jurisdiction over the subject-matter, trespass, where goods have been taken, is the proper remedy, or where the body has been arrested upon process

void for want of jurisdiction. 2 Saund. Pl. & Ev. 138, 185. 5 C. L. R., 137. 2 Cowper, 640. 2 Wilson's R. 302 and 392. 8 East, 394. 3 Wilson's R. 344.

3. A magistrate cannot give himself jurisdiction by reciting a false fact in his record. And the plaintiff should have been permitted to prove that John Curtis, by law, had no authority to make a record, and that he was not a magistrate. 8 East, 403.

*W. Upham and G. C. Cahoon,* for defendant.

The parol evidence offered in the court below, to impeach and do away the force of the record, upon which the defendant relied for the justification of the imprisonment complained of in the plaintiff's · declaration, was properly excluded.

Judicial records import absolute verity, and cannot be impeached or supported by parol evidence. They are of such high and supereminent authority, says the law, that their truth cannot be called in question.

It is a well settled maxim that nothing can be averred against a record, nor can any plea, or even proof, be admitted to the contrary.

If the existence of a record be denied, it can be tried by nothing but itself, that is, on bare inspection, whether there be any such record or not.

Our doctrine is fully supported by the following authorities, viz : 3 Bl. Com. 24. Swift's Ev. 3. Peake's Ev. 38. 1 Starkie's Ev. 150. 3 id. 1278. *Dickson* v. *Fisher,* 4 Burr. 2267. 1 Bac. Ab. 57. *Strickland* v. *Ward,* 7 Term R. 631, n. c. *Massey* v. *Johnson,* 12 East. 67, n. c. 75. *Yates* v. *Lansing,* 5 Johns. R. 282, and cases cited. *Allen* v. *Huntington et al.,* 2 Aik. 249. *Walbridge* v. *Hall,* 2 Vt. R. 114. *Wood* v. *Kinsman et al.,* 5 id. 588. *Lewis* v. *Avery,* 8 id. 289. *Pierson* v. *Gale et al.,* id. 509. *Phillips* v. *Biron,* Stra, 409. *Prigg* v. *Adams,* 2 Salk. 674. Hammond's N. P. 54. *Fox* v *Hoyt,* 12 Conn. R. 491.

The opinion of the court was delivered by

COLLAMER, J.—The defendant justified under the judgment of a justice of the peace, and he showed the judgment by a duly certified copy of the record. The plaintiff pro-

posed to show by parol, in effect, that there was, in fact, no such process or judgment.

A justice's record is as conclusive as that of any other court. It can be tried by inspection, only, and is conclusive of every fact stated in it, until regularly set aside. This record showed that a writ, duly signed by this justice, issued and was served and a judgment by him was duly rendered. Therefore the plaintiff could not be permitted to prove that the writ, when issued, was not signed by him, or to prove the judgment was not so rendered.

Judgment affirmed.