August 31, 1863.

## SUPREME COURT—IN PROBATE.

In the Matter of the Estate of Wm. E. Gill, deceased.

Under the general provisions of the 851st Section of the Civil Code, full powers are vested in the Probate Courts of this Kingdom to compel executors to perform their trusts, by making any necessary order, as the circumstances of the particular case may require, upon a proper application for the purpose being made before the Court.

By a fair construction of the statute, such Probate Court possesses all the power that a Court of Equity could exercise in the premises.

Duty of the executor to have invested the funds of the estate, when they came to his hands, for the benefit of the infant devisee.

At Chambers, before Justice ROBERTSON.

*Per Curiam.* Charles W. Vincent, one of the executors of the will of William E. Gill, of Honolulu, deceased, having, in pursuance of an order made by this Court, in the month of August last, presented and filed his account as such executor, showing a balance due from him to the estate of $2,452 24, counsel for the guardian of the testator's infant daughter now moves the Court to grant an order requiring the executor aforesaid to present satisfactory security for the future payment of interest as it may accrue, and for the payment of the principal sum to the infant devisee upon her arriving at the age of majority, or requiring him, in default of such security, to pay the amount into Court forthwith. The motion is based upon several grounds, the chief of which are, that whereas it was the

duty of Mr. Vincent, as one of the executors, to have invested the funds when they came to his hands for the benefit of the infant devisee ; he did not do so, but retained the funds in his possession, using them in his own business, until he became insolvent in the fall of the year 1855 ; and that as he is admitted to be insolvent still, the funds are in jeopardy of being wholly lost, so far as their safety depends upon the responsibility of this executor.

It is contended in opposition to the motion, that it is not within the power of this Court, as a Court of Probate, to grant the order prayed for ; that under the terms of the will, the Court in this case can only require the executors to account for and apply the income, which has been done ; and that the Court of Probate has no authority to order the payment of the funds into Court, or to deprive an executor of his trust, even if he has committed a breach of that trust—the remedy sought being obtainable only in a Court of Equity.

The powers of the several Justices of the Supreme Court, sitting in probate, are no where in our statutes specifically detailed or limited, but are granted in the fullest and most general terms, as will appear by reference to Section 851 of the Civil Code, which reads as follows :

" The several Justices of the Supreme Court shall have the power at Chambers to grant probate of wills, to appoint guardians and administrators, and again to compel all guardians, administrators and executors to perform their respective trusts, and to account in all respects for the discharge of their official duties. They may in case of moral unfitness, or other good and sufficient cause, remove any administrator, guardian or executor appointed by will or otherwise."

It is argued, and I think with great force, that, under a fair construction of this provision, this Court possesses all the power that a Court of Equity could exercise in the premises. Nay, I conceive even more, for while a Court of Equity might, in a case calling for that species of relief, appoint a receiver, this Court could remove an executor appointed by will, and appoint another in his place, in the shape of an administrator *cum testamento annexo,* which a Court of Equity could not do.

The jurisdiction of the Probate Courts of this Kingdom, as

Estate of Wm. E. Gill.

has repeatedly been held, is not to be measured by the limited jurisdiction possessed by the several Ecclesiastical Courts of England. This seems to me sufficiently clear from the language of that portion of the Civil Code just quoted, and our Courts of Probate have always claimed and exercised a much larger jurisdiction than the English Ecclesiastical Courts. In my opinion, the same powers which are generally exercised by Probate Courts in the several States of the North American Union, under statutory provisions more or less definite and minute, are vested in our Probate Courts to the fullest extent, although in general terms.

I believe the authority of this Court is amply sufficient to meet the exigencies of this case, so far as they have yet been developed, and although cases might arise in which the necessary remedy could not be afforded by a Court of Probate, it cannot be questioned, and has been admitted, that, upon acknowledged principles, if this Court may rightfully grant the order now prayed for, it can and may enforce that order in some usual mode.

But it is argued that if this Court assumes to exercise a power which, in some countries, can only be exercised by a Court of Equity, we must resort to the same mode of pleading and practice that prevails in Courts of Equity. It seems to me that this consideration is not entitled to much weight, where, as in this country, full power is vested in the Supreme Court, so to regulate proceedings in Probate Courts as to effectuate all their powers, and to promote justice between parties litigant before those Courts. And I see no reason why a Court of Probate may not accord equal facilities with a Court of Equity for showing cause against the granting or enforcing of any order, the motion for which it is competent to entertain.

In justice to Mr. Vincent, I deem it right to say that he has hitherto manifested his readiness to comply with the orders of the Court, and while, in my opinion, a large part of the estate has been seriously jeopardized, if not wholly lost, while in his keeping, through his negligence and that of his co-executors, it has never appeared to me that he fraudulently misapplied the funds, or that he is not honestly desirous of meeting his liability to the estate, so far as his pecuniary ability will admit.

As I think it was clearly the duty of the executors, under the terms of the will, to have safely invested, on interest, for the benefit of testator's daughter, all spare moneys of the estate coming to their hands, and that this Court possessed full power to have compelled them to perform that duty, upon proper application, I shall grant the motion now before the Court, with a view to expedite such ulterior proceedings as may, under the circumstances of the case, be found practicable to protect the interests of the infant devisee.