# HAWAIIAN COMMERCIAL AND SUGAR CO., *vs.* WAIKAPU SUGAR CO.

APPEAL FROM JUDD, C.J.

HEARING, MARCH 7, 1892. DECISION, JULY 1, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.

A Justice of the Supreme Court has jurisdiction in Equity, at Chambers, to entertain a bill for partition of real estate. Sections 852 and 1228 of the Civil Code are in harmony with each other. Section 852 grants the power to partition real estate, but, as the method of procedure is not prescribed, and the Statute does not exclude the general jurisdiction in Equity to partition, it still exists.

OPINION OF THE FULL COURT.

Having well considered this case and the arguments of counsel, we hold that a Justice of the Supreme Court has jurisdiction in Equity, at Chambers, to entertain a bill for partition of real estate, for we consider that the power granted in the 852d Section of the Civil Code, to partition real estate, is in harmony with the 1228th Section, providing for the bringing of proceedings in Equity to partition real estate by sworn petition, and is explained by the latter to be a grant of jurisdiction in Equity. We therefore affirm the decision appealed from, overruling the demurrer and adjudging the plea in abatement bad.

DECISION OF JUDD, C.J., APPEALED FROM.

This is a bill in Equity for partition of certain lands on Maui known as Waikapu and Pulehunui, containing, say, 15,000 acres. The defendant corporation not acting, Geo. W. Macfarlane, the owner of one-half of its stock, appeared by leave of the Court and filed a plea in abatement and a demurrer.

The defendant corporation had brought an action at law against

the plaintiff corporation to recover possession of the lands in question according to its title therein, and for damages resulting from ouster therefrom. This suit is now awaiting a hearing by the Court in banco on certain pleadings made. The plaintiff then filed its bill for partition, alleging that it and the defendant corporation are seized of and hold together as tenants in common, each one an undivided half of the said lands; and alleging, *inter alia*, that the estates of both plaintiff and defendant are in fee simple, that both parties are in possession of portions of the premises; that said premises lie between other tracts of land owned by the plaintiff and defendant respectively; denies the ouster alleged in the suit at law; avers willingness to divide the land, and sets up a parol agreement for partition of the premises made between the grantors of plaintiff and defendant respectively, ratified by plaintiff and defendant, and that plaintiff and defendant have for a long time separately occupied different portions of the premises, each occupying the part nearest its own adjacent land, but without any denial of title of the other; and avers that plaintiff has improved the portion occupied by it, by cultivation, leading water thereon and building a railroad and other improvements, and has received profits of its own cultivation, and denies that it is liable therefor to defendant, but is ready and willing to account to the extent of its legal liability; that plaintiff is informed that defendant has received amounts for pasturage of live stock on said premises and from cultivation thereof. The prayers are (1) for summons against defendant and for an account of all rents and profits received by it from others; (2) that partition may be made of the premises; (3) that said partition may be conformable to the separate occupation of each party so far as the same can be equitably done; (4) that said partition may be made so that the improvements made by plaintiff be set off to it; (5) that an account may be taken, so far as the liability to account exists, and that matters in controversy between said parties relating to the liability to account may be settled; (6) that the defendant may be enjoined from proceeding further with its action of ejectment, etc; (7) for costs and other relief.

The demurrer is to the various prayers for relief, and raises the crucial question whether there is jurisdiction in this Kingdom to entertain matters of partition of real estate in Equity.

It is to be remarked that, by the disclaimer of the present plaintiff in the ejectment suit and by the allegations in the present bill, the title to the land is admitted—the plaintiff and defendant corporations are the owners of the land, in moieties, as tenants in common. Both parties are desirous of a partition ; the matters remaining in issue are (1) in what manner the partition should be made, and (2) the damages.

I am not at all convinced by the argument of defendant's counsel, that matters that are mentioned in our meagre code as being cognizable by Justices of the Supreme Court " at Chambers " may not also fall into one or the other of the classes into which the jurisdiction of Courts is divided. Section 847, with its amendments, may be read in this way : " The Chief Justice of the Supreme Court is the Chancellor, and the Associate Justices are Vice-Chancellors of the Kingdom, and as such shall possess all the powers incident to those offices at common law. They shall have power * * * generally to hear and determine all matters in Equity," etc.

The jurisdiction in Equity thus conferred is of necessity " in Chambers." There is no jury empaneled to try the issues of fact. The Equity Court does not sit at stated terms. It is in session whenever its jurisdiction is invoked, and the Justices may exercise its powers while sitting in any part of the Kingdom.

This Section 847, and several that follow, enumerate some of the subjects of the jurisdiction of the Justices at Chambers. Section 851 confers general jurisdiction to them in all Probate matters.

Section 852 reads : " Said Justices shall have power at Chambers to admeasure dower and partition real estate."

Article L of the Code (Comp. L. p. 391) is entitled " Of Equity, Admiralty and Probate matters." Under Section 1228, " All applications * * * for the partition and division of real estate shall be by sworn petition, addressed to some Court or Justice having jurisdiction thereof.

In 1878 an Act was passed concerning the equity jurisdiction of the Supreme and Circuit Courts, reading : " In addition to the jurisdiction in Equity otherwise conferred, the Supreme Court and the Justices thereof, and also the several Circuit Courts, shall have original and exclusive jurisdiction of every original process, whether by bill, writ, petition or otherwise, in which relief in Equity is prayed for, except where a different provision is made," etc., and concluding, Section 2, " and shall have full Equity jurisdiction according to the usage and practice of Courts of Equity in all other cases where there is not a plain, adequate and complete remedy at law; " and " suits between co-partners, joint tenants and tenants in common and their legal representatives"\ are specifically enumerated in Section 2 as one of the subjects of Equity jurisdiction.

I am of the opinion that the statute of 1878 has not enlarged the equity jurisdiction of the Justices of the Supreme Court. They had full equity powers conferred upon them by section 847. The statute of 1878 makes clear many subjects of equity jurisdiction which, without the jurisdiction, might be disputed.

Now, it is undoubted that during and since the reign of Elizabeth courts of chancery or equity have assumed jurisdiction in partition. In consequence of the disadvantages of the old common law method of petition and the superiority of the equitable remedy, the writ of partition and the plaint were abolished by Statute of 3 and 4, William IV. Bispham's Eq., sec. 487. "Another branch of concurrent jurisdiction (in equity) is that of partition in cases of real estate held by joint tenants, tenants in common and coparceners." 1 Story Eq. Juris., sec. 646. "This power of compelling partition has been exercised in England by chancery ever since the time of ·Elizabeth. It may be done in chancery in several of the States, in most, if not all, of which there are also modes provided by statute for causing partitions to be made." 1 Washburn, R. P., sec. 427. "The law is firmly established that equity has jurisdiction in cases of partition. It has been recognized and acted upon in courts of chancery from an early period in the jurisprudence of that tribunal. Nor does the fact that a concurrent

remedy existed at common law, under the writ of partition, or under our statute, in the least affect such jurisdiction. It is but like other cases of concurrent jurisdiction between the courts, where litigants have a choice of the forum in which they will proceed. Because a partition could have been had under the statute in this case, it does not follow that equity was deprived of its jurisdiction." *Hess vs. Voss*, 52 Ill., 476. "This bill is in the form of a bill for partition, and it may properly be regarded as a bill in equity. We think that such a bill may be well maintained. There are no negative words in the statute providing for a partition upon petition, and the partition of real estate is an undoubted branch of equity jurisdiction." *Whitten vs. Whitten*, 36 N. H., 332.

Enough has been cited to establish the proposition that equity has jurisdiction to partition real estate, and these authorities show that this jurisdiction may be invoked even where there is a special statute conferring the power and prescribing the procedure in detail, unless the statutory method is expressly exclusive. In Massachusetts the Statute of Partition consists in all of seventy-eight sections, and preserves the common law method by writ. And it was said in *Whiting vs. Whiting*, 15 Gray, 504, that a bill in equity for partition could not be maintained, because the statute provided an adequate and complete remedy.

In this Kingdom the general jurisdiction in equity to partition land clearly exists. The subject of partition of real estate is, as I read the statutes, expressly made subject of equity jurisdiction. The grant of power to partition is conferred. But the statute goes no further, and does not particularize the procedure to be followed, or the remedies which can be applied. It is silent upon all these matters, and, as I must hold, intentionally so, since the well recognized principles of equity governing partition were intended by the Legislature to be applicable. Since our statute on the subject has not only no method of procedure in it, and no negative or exclusive words, the general jurisdiction in equity exists.

As regards the other prayers in the bill, respecting the man-

ner of partition, it seems to me that they all flow from and are appropriate to the jurisdiction in equity.

As regards the damages: Whether the mesne profits claimed by the Wailuku Sugar Company can be awarded on settling the account offered to be made by the plaintiff company will depend largely upon the settlement of the question whether there has been a separate occupation by agreement. If there has been such an occupation there would be no ouster, and no damages in the suit at law. The determination of this question should be made before the suit at law can properly be enjoined, for if there has been no such separate occupation and an ouster be proved, I see no reason why the suit at law to recover the alleged damages should not proceed. The injunction was not granted on the filing of the bill, and will not be until this preliminary question is settled.

For these reasons the demurrer should be overruled.

The plea in abatement sets up that the Waikapu Sugar Company has never declined, and has consented to a partition of the premises, and asks judgment if it ought to answer the bill. The correspondence in support of the plea shows clearly that the defendant was willing to make a division of the premises, but not in accordance with the agreement now set up in the bill, which it ignores. The parties, though agreeing that a partition may be had, are not in accord as to where the lines should run, and that is enough to give the Court jurisdiction to hear the case upon the allegations and proofs. Plea adjudged bad. Defendant to answer.

*F. M. Hatch*, for plaintiff.

*A. S. Hartwell, C. L. Carter, Thurston & Frear*, for defendant.