## MAURICE R. CAREY *v.* HAWAIIAN LUMBER MILLS, LIMITED, A CORPORATION, AND I. YAMAMOTO, T. KOMATSU, T. MITO, Y. YAMAMOTO, T.' KAJITA, N. TAKEI, M. MURAKAMI, K. TASHIRO, A. MURAWAKA, T. MITAMURA, AND K. NARITA.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 8, 1912.                    DECIDED OCTOBER 14, 1912.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

COURTS—*opinions—confession of judgment.*

The statutory requirement that in jury-waived cases the trial court's "decision shall be rendered in writing stating its reasons therefor" does not apply in a case in which the defendant confesses judgment for a specified sum and the plaintiff accepts the confession.

JUDGMENTS—*collateral attack—evidence dehors the record.*

The recital in a formal judgment regular and valid on its face that it was entered by the court cannot be contradicted in a collateral proceeding by evidence dehors the record.

### OPINION OF THE COURT BY PERRY, J.

This is a creditor's bill in equity, the material averments of which are that on November 29, 1911, the complainant obtained in an action at law in the circuit court of the first circuit of the Territory a judgment, duly entered, in the sum of $8711.87 against the respondent corporation, that execution was issued on the judgment and returned wholly unsatisfied, that the judgment remains in force and wholly unpaid, that the other respondents are stockholders in the corporation and are indebted to it in certain specified amounts for unpaid subscriptions to the capital stock and that the corporation has no property save the right to the unpaid subscriptions. The object of the bill is to reach the unpaid subscriptions, or as much as may be necessary, in satisfaction of the judgment.

The trial court dismissed the bill, reciting in the decree appealed from that "the allegations in plaintiff's complaint are not sustained."

At the trial the complainant offered in evidence, inter alia, the original judgment in the action at law together with the declaration, the summons, the corporation's answer of general denial, its pleading, subsequently filed, whereby it confessed judgment in the sum of $8711.87, the execution and the return of execution. The court refused to receive the judgment in evidence, saying: "The question is, then, is this a judgment? I am also of the opinion that in determining this question the court is not confined to the mere paper which may be designated by endorsement the judgment, or the terms used in the document itself, but must ascertain for itself whether or not this is a judgment, legal judgment. I am also of the opinion that, in the absence of statute authorizing the clerk to enter a judgment ·without the authority or power of the court, that the judgment is void upon its face. Consequently I decline to accept the judgment as an exhibit." ·The complainant also made specific offers to prove each of the other averments of the bill and the court announced its willingness to receive the evidence but in view, apparently, of the dismissal of the bill in consequence of the supposed absence of proof of the judgment the evidence on the other subjects was not introduced.

The contention now made in support of the decree is that the judgment at law was void because (a) no written decision was filed in the action and (b) a formal judgment entered by a clerk of the circuit court without prior rendition of judgment or without, in other words, an express order of the court is utterly void.

Section 1747 of the Revised Laws, as amended by Act 117 of the Laws of 1909, requiring that in jury-waived cases the trial court's "decision shall be rendered in writing stating its reasons therefor" does not apply in a case in which the defendant confesses judgment for a specified sum and the plaintiff ac-

cepts the confession. In such a case no question, either of law or of fact, remains to be decided by the court. There is no controversy requiring adjudication.

The attack made in the present suit in equity upon the judgment at law is clearly collateral and not direct. It is an attempt to avoid the judgment or to deny its force and effect in a manner not provided by law and in a proceeding not instituted for the express purpose of annulling, correcting or modifying it. See Van Fleet, Collateral Attack, pp. 4 and 5, and 17 Am. & Eng. Ency. Law 848. The judgment is upon its face regular and valid. It discloses that it was entered in a court that had jurisdiction of the subject matter and of the parties and is signed "By the court, J. Marcallino, Clerk." If, as is claimed by counsel but is not shown by the record on appeal, evidence dehors the record was resorted to in the court below to show that the judgment was in fact entered by the clerk without an order from the court, such evidence was an attempt to contradict the express recital on the face of the judgment that it was entered "by the court" and was inadmissible. The general rule is that "the record of the court imports such absolute verity that no person is allowed to contradict it in a collateral proceeding." 17 Am. & Eng. Ency. Law 1082. "All the cases agree that a record of a domestic court of general jurisdiction cannot be overturned in another action by matters dehors the record." Van Fleet, Collateral Attack, p. 7. See also Ib., pp. 5, 536, 572; *Reid* v. *Mitchell,* 93 Ind. 469; *Harris* v. *Lester,* 80 Ill. 307, 314, 315; *State* v. *Macdonald,* 24 Minn. 48, 59; *Tufts* v. *Hancox,* 171 Mass. 148, 149; *Underwood* v. *French,* 6 Or. 67, 71; *Spaulding* v. *Chamberlain,* 12 Vt. 538; and 24 Am. & Eng. Ency. Law 193, 194. It may be added that no other part of the record in the action at law contradicts or varies the statement in the judgment that the latter was "by the court."

The decree appealed from is set aside and the cause remanded to the circuit judge with instructions to receive the judgment in evidence and for such further proceedings as may be proper.

Carey v. Hawaiian Lumber Mills, Ltd., 21 Haw. 311.

*A. A. Wilder* (*Thompson, Wilder, Watson & Lymer* on the brief) for complainant.

*E. C. Peters* for certain respondents.