FIRST HAWAIIAN BANK, WILLIAM J. PARIS, JR., and MAR-
GARET ANNE SCHATTAUER, Trustees of the William J. Paris,
Sr. Trust, and FIRST HAWAIIAN BANK, Trustee of the Agnes
Paris Smith, et al. Trust, Plaintiffs, Counter–Defendants–Appellees,
v. HELEN WEEKS, one of the Heirs of Charles Davis, and the
HEIRS OF CHARLES DAVIS (Charles Davis being the father of
Tamar Kamala Akana who left issue), et al., Defendants, Counter–
Claimants, Cross–Claimants–Appellants, v. MARGARET ANNE
SCHATTAUER, Cross–Defendant, Third–Party Defendant–Appel-
lee, and JANE ROBERTA PRATT BRAY, et al., Defendants,
Cross–Defendants

NO. 12256

(CIV. NO. 9243)

APRIL 19, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY NAKAMURA, J.

The First Hawaiian Bank, William J. Paris, Jr., and Margaret Anne Schattauer, who are the trustees of the William J. Paris, Sr. Trust, and First Hawaiian Bank, who is also the trustee of the Agnes Parish Smith, et al. Trust, brought an action in the Circuit Court of the Third Circuit to establish and confirm their title in fee simple to portions of the lands described in and covered by Royal Patent Grant Numbers (Grant Nos.) 1574 and 1598. The plaintiffs named as defendants Charles Davis, or his heirs, Jane Roberta Pratt Bray, and the owners and occupants of adjoining lands. Helen Weeks and twenty–eight others, who claim to be descendants and heirs of Charles Davis, appeal from the order awarding the plaintiffs summary judgment on the counterclaim filed by said heirs of Charles Davis and from the order awarding Margaret Anne Schattauer summary judgment on their cross–claim seeking to establish title to adjoining lands described in and covered by Grant No. 1652. A review of the record revealing no error, we affirm the summary judgments.

I.

A.

The lands covered by Grant Nos. 1574, 1598, and 1652 are contiguous parcels situated in North Kona, Hawaii, which were once owned by William Johnson. Grant No. 1574 lies in the ahupuaa of Maihi, while Grant Nos. 1598 and 1652 lie in the ahupuaas of Kuamoo and Kawainui. Johnson's will, which was drawn in 1862 and admitted to probate in 1863, devised his real property to his widow, his children, and Charles Davis, his brother–in–law. The devises were confirmed by deeds of distribution issued by the executors of the will in 1876. The devise to Davis was described as "a certain piece of land . . . viz—the makai half of that portion of land called Maihi and Kuamoo, which lies below the main road and mauka wall of the pasture[,]" and the executors' deed repeated the description.

Davis died in 1880; there is no record of a probate of his estate, nor is there a record of any conveyance during his lifetime of the property distributed to him by Johnson's executors. But in 1898, Tamar Akana, Davis' daughter and sole heir, conveyed to Caroline Robinson

all of [her] right, title and interest in that certain piece of land, situated in North Kona, Island of Hawaii, being a part of the ahupuaa of Mahi [sic] and conveyed to [her] father Charles Davis by deed from Rev. J. D. Paris and Mrs. Eliza Roy, Executors under the will of William Johnson.

The plaintiffs traced their title in and to the makai half of Grant No. 1574 to Caroline Robinson; the defendants claiming to be the heirs of Charles Davis traced their title thereto to Tamar Akana. The plaintiffs traced their title in and to Grant No. 1598 to Johnson's widow and children, to whom the whole of Grant No. 1598 had been distributed. In their counterclaim, however, the defendants alleged that Johnson devised to Davis the makai half of Grant No. 1574, which lies in Maihi, and the makai half of Grant No. 1598, which lies in Kuamoo and Kawainui. They challenged the distribution of the makai half of Grant No. 1598 to the widow and children on the ground that it was contrary to the devise. They further asserted Tamar Akana's deed to Caroline Robinson actually was a mortgage, not a conveyance. Thus, they prayed for a judgment establishing their title to the makai halves of Grant Nos. 1574 and 1598.

The Davis descendants also laid claim to other lands in their cross–claim against Margaret Schattauer and others. The cross–claim, subsequently denominated a third–party complaint by stipulation, averred the devise to Davis was not limited to Grant Nos. 1574 and 1598; it claimed the devise included all or a portion of Grant No. 1652 as well.[1] This claim, too, was premised on the devise to Davis of "the makai half of that portion of land called Maihi and Kuamoo," since Grant No. 1652 lies partly in Kuamoo.

---

[1] The defendants' cross–claim originally alleged that the lands covered by Grant No. 1182 and Land Commission Award (LCA) 7130:2 were also included in the devise to Davis. Summary judgment against the cross–claimants was granted on the claim regarding LCA 7130:2, and no appeal was taken with respect thereto. The cross–claimants also dismissed the claim regarding Grant No. 1182 with prejudice.

Schattauer, who has an interest in Grant No. 1652, responded to the cross–claim. She traced her title to Mary Johnson, to whom the whole of Grant No. 1652 had been distributed by the executors. She further claimed that she and her predecessors in interest had been in actual, open, hostile, notorious, continuous, and exclusive possession of the lands for more than the time needed to acquire title through adverse possession.

### B.

When the issues were joined, the plaintiffs moved for summary judgment against the Davis heirs, arguing they were entitled to judgment as a matter of law because Tamar Akana's 1898 deed conveyed to Caroline Robinson "all of the land" devised by William Johnson to Charles Davis. A conveyance of all of the land in Grant No. 1574 to Robinson, they maintained, was "in harmony with the construction placed upon that deed by the parties to it and their successors." And they argued the claim of the deed being a mortgage should be laid to rest because "an action to redeem [a] mortgage [was] barred by the statute of limitations and by laches."

Schattauer moved for summary judgment on the part of the cross–claim asserting that cross–claimants are the rightful owners of the portion of Grant No. 1652 lying in the ahupuaa of Kawainui. She argued the Davis heirs had no interest therein since the devise to Davis was of lands in Maihi and Kuamoo. "[W]hatever land it is that the Heirs of Charles Davis may be entitled to, if any," she stated, "lies solely within the ahupuaas of Maihi and Kuamoo."

The Davis heirs countered with the proposition that summary judgments are inappropriate where there are issues to be resolved. "The Executors' deeds which purport[ed] to distribute William Johnson's estate," they said, were "invalid and void." "Johnson's reference to 'Maihi' and 'Kuamoo,'" in their view, was "not uncertain. It [was] a clear reference to the contiguous tract of land [owned by him] below the main road consisting of Grants 1182, 1574, 1598, and 1652." And they asserted the 1898 deed, though cast in the form of a deed, "was a security device or mortgage."

The circuit court, however, found the argument unconvincing and awarded the plaintiffs judgment on the counterclaim and Margaret Schattauer judgment on that part of the cross–claim seeking to establish title to

Grant No. 1652. The summary judgments were certified thereafter as appealable judgments pursuant to Hawaii Rules of Civil Procedure (HRCP) 54(b).

## II.

We begin our review of the judgments by examining the pertinent procedural rule, HRCP 56. Thereunder, "[a] party against whom a claim, counterclaim, or cross–claim is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." HRCP 56(b). "The judgment sought shall be rendered forthwith [by the court hearing the motion] if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits [submitted by the opposing parties], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." HRCP 56(c). And "the standard to be [applied] by [the] appellate court in reviewing [the award of] summary judgment is identical to that applicable to the trial court's consideration of the motion. *Silver v. George*, 64 Haw. 503, 644 P.2d 955 (1982)." *Munoz v. Yuen*, 66 Haw. 603, 605, 670 P.2d 825, 827 (1983).

A summary judgment motion "challenges the very existence or legal sufficiency of the claim or defense to which it is addressed. In effect the moving party takes the position that he is entitled to prevail . . . because his opponent has no valid claim for relief or defense to the action, as the case may be." 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2711, at 555–56 (1983) (footnote omitted). He thus has the burden of demonstrating that there is no genuine issue as to any material fact relative to the claim or defense and he is entitled to judgment as a matter of law. 10A Wright, Miller & Kane, *supra*, § 2727, at 121.

He "may discharge his burden by demonstrating that if the case went to trial there would be no competent evidence to support a judgment for his opponent." *Id.* at 130 (footnote omitted);[2] *cf. Celotex Corp. v.*

---

[2] HRCP 56(e) provides in part that

[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

*Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986) (One moving for summary judgment under Fed. R. Civ. P. 56 need not support his motion with affidavits or similar materials that negate his opponent's claims, but need only point out to the district court that there is absence of evidence to support the opponent's claims). For "[i]f no evidence could be mustered to sustain the nonmoving party's position, a trial would be useless . . . ." 10A Wright, Miller & Kane, *supra*, at 130.

## III.

As we noted earlier, the counterclaim filed by Helen Weeks and the other putative heirs of Charles Davis alleged they were the rightful owners of the makai halves of Grant Nos. 1574 and 1598 because William Johnson devised the makai half of Grant No. 1598 as well as the makai half of Grant No. 1574 to Davis, Tamar Akana's deed to Caroline Robinson covered only the makai half of Grant No. 1574, and said document, ostensibly a conveyance, actually was a mortgage. In order to prevail on the counterclaim, the Davis heirs, *inter alia*, would have to establish that the executor's deed distributing Grant No. 1598 to Johnson's widow and children was a nullity and Tamar Akana's deed to Caroline Robinson was intended to secure the repayment of a loan. Our review of the record and the relevant law leads us to conclude they could not.

## A.

The Davis heirs would have us rule that the distribution in 1876 by the executors of William Johnson's will of Grant No. 1598 to the testator's widow and children might have been void because it was not in conformity with his will. Though the will did not describe the devises by referring to Grant numbers and it may have been ambiguous as the appellants claim, we see no basis for us to so rule and to remand the issue for trial. For the challenge to the order distributing the land to Johnson's

---

Thus, an affidavit consisting of inadmissible hearsay cannot serve as a basis for awarding or denying summary judgment. *Rodriguez v. Nishiki*, 65 Haw. 430, 434 n.3, 653 P.2d 1145, 1148 n.3 (1982); *see also Cahill v. Hawaiian Paradise Park Corp.*, 56 Haw. 522, 539, 543 P.2d 1356, 1367 (1975)("To the extent that the affidavits [do] not comply with [HRCP 56(e)] they should be disregarded.").

widow and children is one mounted a century later in a suit to quiet title, an indirect challenge most aptly characterized as a collateral attack.

"A collateral attack," in the words of one of our predecessors, "is an attempt to impeach a judgment or decree in a proceeding not instituted for the express purpose of annulling, correcting or modifying such judgment or decree." *Kapiolani Estate v. Atcherly*, 14 Haw. 651, 661 (1903) (quoting 17 Am. & Eng. Ency. Law, 2d ed., 848). As a general rule, "a collateral attack may not be made upon a judgment [or order] rendered by a court of competent jurisdiction. *Kapiolani Estate v. Atcherly, supra. See also Carey v. Hawaiian Lumber Mills, Ltd.*, 21 Haw. 311 (1912); *Estate of Kamauoha*, 26 Haw. 439 (1922)." *Gamino v. Greenwell*, 2 Haw. App. 59, 63, 625 P.2d 1055, 1059 (1981). "If [it] is only a question of error or irregularity and not of jurisdiction, it cannot be raised on collateral attack." *Id.* at 63–64, 625 P.2d at 1059 (citing *Kapiolani Estates v. Atcherly*, 14 Haw. at 664 (Frear, C.J., concurring)).

The appellants maintain the question here is one of jurisdiction since they question the authority of the supreme court justice who presided over the probate proceedings in 1863 to approve and order a distribution not in accord with the testator's intent. But we are convinced the issue they raise is one "of error or irregularity and not of jurisdiction," for there is no doubt that the justice was vested with power to determine matters involved in the settlement and distribution of William Johnson's estate.

That the several justices of the Supreme Court of the Hawaiian Islands sat in probate is not open to doubt. *See Estate of Wm. E. Gill*, 2 Haw. 699, 700 (1863). Their powers, while sitting in probate, were not set forth in detail or limited by statute; they were

granted in the fullest and most generous terms, as [appears from] Section 851 of the Civil Code, which reads as follows:

"The several Justices of the Supreme Court shall have the power at Chambers to grant probate of wills, to appoint guardians and administrators, and again to compel all guardians, administrators and executors to perform their respective trusts, and to account in all respects for the discharge of their official duties. They may in case of moral unfitness, or other good and sufficient cause, remove any administrator, guardian or executor appointed by will or otherwise."

*Id.; see also Hawaiian Commercial & Sugar Co. v. Waikapu Sugar Co.*, 8 Haw. 449, 451 (1892) ("Section 851 confers general jurisdiction to [the justices] in all Probate matters.").

The Davis heirs concede that "Supreme Court Justices, at Chambers, had probate jurisdiction[.]" But they argue the justice who presided over the probate of Johnson's will "had no jurisdiction or authority to affect the title to a testate decedent's real estate." "Title to the testator's land," they claim, "vested immediately in the names of his beneficiaries." True, "the probate of a will establishes the sufficiency thereof, and confirms the claims of those holding under it so far as to make it evidence of title[;] it does not determine the title to the property[.]" G. Thompson, *The Law of Wills* § 207, at 317 (1947). The record, however, reveals the executors' deed to Davis described what they purported to convey in the exact terms of Johnson's devise. What the Davis heirs are now challenging is the distribution of the residue of Johnson's estate, of which Grant No. 1598 was a part, to his widow and children; they would have us nullify as evidence of title to Grant No. 1598 the probate court's order of distribution and the executors' deed of distribution. We could not do so without breaching the rule that "a question of error or irregularity . . . cannot be raised on collateral attack." *Gamino v. Greenwell*, 2 Haw. App. at 63–64, 625 P.2d at 1059; *Kapiolani Estate v. Atcherly*, 14 Haw. at 664.

### B.

The claim of the Davis heirs to ownership of the makai half of Grant No. 1574, as we observed, rests in part on an allegation that the deed from Tamar Akana to Caroline Robinson actually was a mortgage. But again, there is no basis for a ruling that there was a material issue of fact preventing the award of summary judgment on the claim to the plaintiffs.

By an instrument executed in 1898, Tamar Akana did grant, bargain, sell, and convey unto Caroline Robinson "all [of the grantor's] right, title and interest in that certain piece of land [that was] conveyed to . . . Charles Davis by deed from Rev. J.D. Paris and Mrs. Eliza Roy, Executors under the will of William Johnson." The words grant, bargain, sell, and convey manifest an intention on the part of the grantor to transfer her interest in the land to the grantee. *State ex rel. Pai v. Thom*, 58 Haw. 8, 14, 563 P.2d 982, 987 (1977). No clauses or conditions in the instrument limit or qualify the estate conveyed; nor does it retain any express lien. Its provisions,

therefore, "are entirely consistent with, and indicative of, a grant of a fee simple title." *Id.*

The Davis heirs, however, aver there is evidence of a loan from Caroline Robinson to Tamar Akana and an attempt to repay it. The only evidence in the record that arguably would support the foregoing averments is in an affidavit filed by Helen Weeks at one stage of the proceeding and appended to the plaintiffs' motion for summary judgment. Therein, Ms. Weeks repeats a statement purportedly made in 1942 by her mother, a daughter of Tamar Akana, to this effect:

> Poor mama, just think, at one time she owned all of that land.
> She borrowed some money from aunt Carrie and she was late in
> paying it back so aunt Carrie took the property and John D.
> Paris, Jr. wrote the land papers.

But the mandate of HRCP 56(e) is that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The statement attributed to Tamar Akana, of course, is hearsay and not admissible in evidence as an exception to the rule against hearsay. Thus, we would have to conclude the plaintiffs have demonstrated "that if the case went to trial there would be no competent evidence to support a judgment" for the Davis heirs on their counterclaim. 10A Wright, Miller & Kane, *supra*, at 130.

## IV.

Having concluded that the summary judgment in favor of the plaintiffs on the counterclaim should be affirmed, we turn to the summary judgment awarded to Margaret Schattauer on the part of the cross–claim asserting that the Davis heirs are the rightful owners of the portion of Grant No. 1652 lying in the ahupuaa of Kawainui.

The Davis heirs argue William Johnson's devise to Davis was of a contiguous tract of land below the main road consisting of Grants 1182, 1574, 1598, and 1652. The devise, however, was of lands in Maihi and Kuamoo. Inasmuch as the summary judgment in favor of Margaret Schattauer was on the portion of the counterclaim alleging ownership of lands in Kawainui, we have no basis for questioning the circuit court's ruling.

The summary judgments on the counterclaim and cross–claim filed by Helen Weeks and the other heirs of Charles Davis are affirmed.

*Michael J. Matsukawa* (Case & Lynch, of counsel) for Appellants Weeks and designated Heirs of Davis.

*Shelby Anne Floyd* (*Paul Alston* with her on the brief; Paul, Johnson, Alston & Hunt, of counsel) for Appellee Schattauer.

*Donald E. Scearce* (Cades, Schutte, Fleming & Wright, of counsel) for plaintiffs, counterclaim defendants–appellees.