LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29590

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FILED 2010 JUN 24 AM 8:13 JEAN R. KIKUMOTO CLERK, APPELLATE COURTS STATE OF HAWAI'I

ELAINE TAVARES, Individually and as Personal
Representative for the ESTATE OF TERESA JARRETT
JACOBER, Plaintiff-Appellee,
v.
CHARLES MCNAIR, Defendant-Appellant
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE JOINT VENTURERS 1-10; and DOE
GOVERNMENTAL ENTITIES 1-10, INCLUSIVE, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-0250)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

In an appeal arising out of a personal injury lawsuit,
Defendant-Appellant Charles McNair (McNair) appeals from the
"Order Denying [McNair's] Motion to Compel Arbitration of
Plaintiff's Claims Against [McNair] Under [Hawaii Revised
Statutes (HRS)] § 431:10C-213.5 Pursuant to Agreement" filed on
January 7, 2009 in the Circuit Court of the Third Circuit[1]
(circuit court).

On appeal, McNair contends the circuit court
erroneously denied his motion to compel arbitration because there
was an agreement between Plaintiff Elaine Tavares, Individually
and as Personal Representative for the Estate of Teresa Jarrett
Jacober, (Plaintiff) and McNair to a binding arbitration of
Plaintiff's claims against McNair under HRS § 431:10C-213.5 (2005
Repl.).

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised by the parties, as

---

[1] The Honorable Glenn S. Hara presided.

well as the relevant statutory and case law, we conclude that there were genuine issues of material fact as to the existence of an arbitration agreement and the circuit court properly denied the motion to compel arbitration.

On October 18, 2007, McNair proposed private binding arbitration, pursuant to HRS § 431:10C-213.5, to settle Plaintiff's claims against him. On February 4, 2008, Plaintiff responded by conditionally accepting the proposal: "In response to your letter dated October 18, 2007, please be advised [Plaintiff] has agreed to private binding arbitration of her claim and the estate's claim against [McNair] pursuant to HRS § 431:10C-213.5 provided the parties are able to mutually agree upon a single arbitrator." (Emphasis added.)

On February 20, 2008, McNair sent a letter to Plaintiff in which McNair offered Plaintiff the names of four persons who could possibly serve as an arbitrator.

On February 22, 2008, McNair sent an email to Evelyn Johnson (Johnson) of Dispute Prevention and Resolution (DPR). This email purported to confirm the selection of Judge Amano as the mutually agreed-upon arbitrator: "This is to confirm that the parties to this dispute have agreed to submit the question of liability and damages arising from the death of Teresa Jacober to binding private arbitration pursuant to HRS § 431:10C-213.5 with Judge Amano serving as the agreed arbitrator under the terms of this statute." McNair also sent a copy of the email to Plaintiff's counsel on that date.

From February through September, 2008, the parties attempted to resolve legal issues relevant to the arbitration, including the impact of a joint tortfeasor on the proceedings and the necessity for probate approval. Because the statute of limitations was about to run, Plaintiff filed a complaint on August 4, 2008.

In August 2008, McNair learned that Johnson had left DPR in May 2008 without opening a DPR file for the arbitration

with Judge Amano. On August 19, 2008, McNair wrote to Judge Amano directly and requested that she arbitrate the parties' dispute.

Three days later, Kelly Bryant (Bryant), case manager at DPR, emailed McNair and Plaintiff and informed them of Judge Amano's availability and her disclosures as a potential arbitrator. On September 3, 2008, Plaintiff asked Bryant to put the matter on hold. On September 5, 2008, Plaintiff sent a letter to McNair disclaiming any purported agreement to arbitrate between the parties.

On September 15, 2008, McNair filed a "Motion to Compel Arbitration of Plaintiff's Claims Against [McNair] Under HRS § 431:10C-213.5 Pursuant to Agreement" (Motion to Compel). Plaintiff opposed the motion. Plaintiff argued, among other things, that there was no enforceable arbitration agreement because there were unresolved issues regarding joint tortfeasor liability and probate approval and, therefore, no agreement on the scope of the proposed arbitration. The circuit court denied the Motion to Compel on the basis that there was not a mutually agreed-upon agreement under HRS § 431:10C-213.5 to arbitrate. In reaching this conclusion, the circuit court preliminarily found at the hearing on the motion that a mutual agreement as to an arbitrator was a condition precedent to arbitration. The circuit court pressed McNair to produce evidence substantiating Plaintiff's consent to Judge Amano's serving as the arbitrator:

> [THE COURT:] So, [McNair's Counsel], I've read the memos and I'm just wondering, do you have any argument or any other thing you can point to me that says this is when we -- [Plaintiff's Counsel] explicitly agreed to Judge Amano as an arbitrator? I know that you have e-mails to DPR and so forth saying, you know, set the arbitration up. But anybody can do that. I mean, I can call Triple A right now and say I want an arbitration without an arbitration agreement. You know, but I can go ahead and start setting stuff up in anticipation, for example, of getting an arbitration hearing.
>
> But is there anything that you can point to that would indicate that [Plaintiff's Counsel] agreed beforehand to Judge Amano as the arbitrator?

[MCNAIR'S COUNSEL]: Nothing, Your Honor, in writing other than what I've already given you. I offered [Plaintiff's Counsel] a letter before the e-mail to DPR, offering the names of Judge Lim, [sic] Judge Amano --

THE COURT: Was there any kind of response saying, yeah, that's okay, I agree?

[MCNAIR'S COUNSEL]: Not in writing, but there was verbally. And that's why I wrote the --

THE COURT: Well I don't see any indication of that in your declarations, and that's why I'm asking. That there was any kind of an oral response, when it was, what circumstances were? It's kind of -- it was kind of vague around that point. And it kind of skipped on the fact that you proposed Judge Amano and all of a sudden went into these things that were submitted to DPR.

We review the circuit court's denial of the motion to compel arbitration under the same standards that apply to a motion for summary judgment. In <u>Koolau Radiology, Inc. v. Queen's Medical Center</u>, 73 Haw. 433, 834 P.2d 1294 (1992), the Hawai'i Supreme Court established the applicable standards for addressing a motion to compel arbitration, as follows:

> The trial court can only decide, as a matter of law, whether to compel the parties to arbitrate their dispute if there is no genuine issue of material fact regarding the existence of a valid agreement to arbitrate. *See Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir. 1980). Therefore, we hold that the standard of review applicable to the trial court's decision in this case should be that which is applicable to a motion for summary judgment. Accordingly, we review this case *de novo*, using the same standard employed by the trial court and based upon the same evidentiary materials "as were before [it] in determination of the motion." *Feliciano v. Waikiki Deep Water, Inc.*, 69 Haw. 605, 607, 752 P.2d 1076, 1078 (1988) (citation omitted); *see also Cuba v. Fernandez*, 71 Haw. 627, 631, 801 P.2d 1208, 1211 (1990); *First Hawaiian Bank v. Weeks*, 70 Haw. 392, 396, 772 P.2d 1187, 1190 (1989).

<u>Id.</u> at 439-40, 834 P.2d at 1298; <u>accord</u> <u>Peters v. Aipa</u>, 118 Hawai'i 308, 312-13, 188 P.3d 822, 826-27 (App. 2008).

Based on our review of the current record, there are genuine issues of material fact as to the existence of an arbitration agreement. On this basis, similar to a summary judgment motion, the circuit court's denial of the motion to compel arbitration was proper. However, because we determine that there are genuine issues of material fact, the question

cannot be decided as a matter of law.  Therefore, the circuit court's ruling and our instant order do not foreclose the parties or the circuit court from further addressing the issue on a fuller record.[2]

Therefore,

IT IS HEREBY ORDERED that the "Order Denying Defendant Charles McNair's Motion to Compel Arbitration of Plaintiff's Claims Against Defendant McNair Under HRS § 431:10C-213.5 Pursuant to Agreement" filed on January 7, 2009 in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, June 24, 2010.

On the briefs:

Kathy K. Higham
(Kessner Umebayashi Bain
 & Matsunaga)
for Defendant-Appellant.

Dwayne Stephen Lerma
Jo Anne E. Goya
(Lerma & Goya)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[2]  HRS § 658A-7(a)(2) (Supp. 2009) provides that "the court shall proceed summarily to decide the issue" of whether an agreement to arbitrate exists.  Chapter 658A is based on the revised version of the Uniform Arbitration Act (2000) (RUAA).  The comment to section 7 of the RUAA notes that the term "summarily" is also in the older version of the Uniform Arbitration Act and "has been defined to mean that a trial court should act expeditiously and without a jury trial to determine whether a valid arbitration agreement exists."  Uniform Arbitration Act § 7 cmt. (2000).  An evidentiary hearing would therefore be appropriate in this regard.