**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000588
10-JAN-2023
07:54 AM
Dkt. 54 SO**

NO. CAAP-18-0000588

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE ESTATE OF STEPHEN TAKESHI TANIGUCHI,
also known as STEPHEN T. TANIGUCHI

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1LP161000742)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Claimant-Appellant **Paula** E. Taniguchi appeals from the **"Judgment** on Order Granting Petition to Transfer from Informal to Formal Probate, for Resolution of Creditor's Claim, for Approval of Final Accounts and Distribution and Complete Settlement of Estate" entered by the Circuit Court of the First Circuit on June 29, 2018.[1] For the reasons explained below, we affirm.

**Stephen** T. Taniguchi died on March 29, 2016. His will was informally admitted to probate. Stephen's widow, **Kimii** Taniguchi, and son, **Jonathan** M. Taniguchi, were appointed co-personal representatives.

On February 10, 2017, Paula, as purported successor trustee to the Shirley S. Taniguchi Trust (**Shirley's Trust**) and as trustee of the Paul Toshikazu Taniguchi Trust, filed a claim

---

[1] The Honorable R. Mark Browning presided.

for $267,000 against Stephen's estate.[2]  Kimii, as personal representative, disallowed the claim.

Stephen's estate could not be informally closed due to Paula's outstanding claim.  On December 18, 2017, Kimii filed a petition to transfer Stephen's estate from informal to formal probate, for denial of Paula's claim, and for settlement of the estate.  Kimii filed a **Certificate Re No Estate and Transfer Tax Due**, and the estate's **Final Accounts**.  Jonathan joined in Kimii's petition.  Paula objected.  Kimii's petition was heard on April 12, 2018.[3]  The hearing was continued to May 24, 2018.

On May 15, 2018, Paula filed a petition for allowance of her claim.  Kimii filed an objection to Paula's petition.  At the continued hearing on May 24, 2018, the circuit court granted Kimii's petition and denied Paula's claim.[4]  An order was entered on June 29, 2018, along with the Judgment.

Paula filed a timely notice of appeal.  The circuit court entered its "Findings of Fact, Conclusions of Law, and Decision and Order Granting Petition to Transfer from Informal to Formal Probate, for Resolution of Creditor's Claim, for Approval of Final Accounts and Distribution and Complete Settlement of Estate" on September 6, 2018.

We take judicial notice, see Hawaii Rules of Evidence Rule 201, of the "Trustees' Findings of Fact, Conclusions of Law, and Decision and **Order Granting Petition to Confirm Successor Co-trustees**" entered in In re Shirley S. Taniguchi Trust, 1TR171000040 (Haw. Cir. Ct. Aug. 23, 2017), JIMS No. 26.  The circuit court's findings and conclusions in that case are binding on Paula, who was a party to that case, under the doctrines of claim preclusion (res judicata) and issue preclusion (collateral

---

[2]     Paula is Stephen's sister.  Shirley was their mother.  Paul is their father.

[3]     The record on appeal does not contain a transcript of the hearing.

[4]     The record on appeal does not contain a transcript of the hearing.

estoppel).[5]  We also take judicial notice of this court's summary disposition order, In re Shirley S. Taniguchi Trust, No. CAAP-17-0000517, 2020 WL 887738 (Haw. App. Feb. 24, 2020) (SDO) (**In re Shirley's Trust**), and the supreme court's order rejecting Paula's application for writ of certiorari entered in In re Shirley S. Taniguchi Trust, SCWC-17-0000517, 2020 WL 2537034 (Haw. May 19, 2020).

Paula challenges the circuit court's findings of fact (**FOF**) nos. 8, 9, 10, 15, 16, and 18, and conclusions of law (**COL**) nos. 2, 5, 6, 9, 10, 11, 12, 13, and 16.  The label of a finding of fact or a conclusion of law does not determine the standard of review.  City & Cnty. of Honolulu v. Honolulu Police Comm'n, 151 Hawaiʻi 56, 62, 508 P.3d 851, 857 (App. 2022) (citing Crosby v. State Dep't of Budget & Fin., 76 Hawaiʻi 332, 340, 876 P.2d 1300, 1308 (1994)).  Whether a determination is a finding of fact or a conclusion of law is a question of law; the accuracy of the label is freely reviewable by an appellate court.  Kilauea Neighborhood Ass'n v. Land Use Comm'n, 7 Haw. App. 227, 229, 751 P.2d 1031, 1034 (1988).

We review findings of fact under the "clearly erroneous" standard.  Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).  A finding of fact is clearly erroneous when the record lacks substantial evidence to support the finding or when, despite substantial evidence to support the finding, we are left with a definite and firm conviction that a mistake has been committed.  Id.  "Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Id. (citations omitted).

---

[5]     "Claim preclusion prohibits the parties or their privies from relitigating a previously adjudicated cause of action; issue preclusion . . . prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action."  E. Sav. Bank, FSB v. Esteban, 129 Hawaiʻi 154, 158, 296 P.3d 1062, 1066 (2013) (citation omitted).

We review conclusions of law under the "right/wrong" standard. Klink, 113 Hawaiʻi at 351, 152 P.3d at 523. A conclusion of law that is supported by the trial court's findings of fact and reflects an application of the correct rule of law will not be overturned. Id. When a conclusion of law presents mixed questions of fact and law, we review it under the "clearly erroneous" standard because the court's conclusions are dependent on the facts and circumstances of each individual case. Id.

The circuit court found:

> 8. [Kimii] is also a Successor Co-Trustee of the Shirley S. Taniguchi Trust, dated December 27, 2002, as amended (Residuary). [Kimii] also filed a Petition to Confirm Successor Co-Trustees, filed on or about March 23, 2017, under T. No. 17-1-0040, In the Matter of the Shirley S. Taniguchi Trust, dated December 27, 2002, as Amended, seeking to confirm that she and her son Jonathan M. Taniguchi are the sole Co-Trustees of the Shirley S. Taniguchi Trust.
>
> 9. The Order Granting Petition to Confirm Successor Co-Trustees was filed on June 7, 2017. Exh. "A" to the Petition.
>
> 10. On August 23, 2017, the Court also filed Trustees' Findings of Fact, Conclusions of Law, and Decision and Order Granting Petition to Confirm Successor Co-Trustees. Exh. "B" to the Petition.

These findings are supported by substantial evidence in the record, and by the Order Granting Petition to Confirm Successor Co-trustees filed in In re Shirley's Trust. They are not clearly erroneous.

The circuit court found:

> 15. Upon the death of Shirley S. Taniguchi, her son, the decedent, Stephen Taniguchi, became the sole Successor Trustee and sole Beneficiary of the Shirley S. Taniguchi Trust ("Shirley Trust") and handled the trust assets appropriately.

This is a combined finding and conclusion. It is supported by substantial evidence in the record, and by the Order Granting Petition to Confirm Successor Co-trustees filed in In re Shirley's Trust. It is not clearly erroneous.

4

The circuit court found:

> 16.    Claimant Paula Taniguchi claims that her father, Paul Taniguchi, currently has a life estate in the [**Mānoa House**], which is owned by the Shirley Trust.  The Shirley Trust provides that Paul Taniguchi may reside at the property rent-free, but does not grant any rights or privileges of a life estate.  The drafting attorney has stated several times that the Trust does not grant a life estate and that was not the intention of the Settlor of the Shirley S. Taniguchi Trust, the owner of the real property. See Decl. of Curtis B.K. Yuen.

This is a combined finding and conclusion.  It is supported by substantial evidence in the record.  It is not clearly erroneous.

And the circuit court's conclusion that Shirley's Trust does not grant **Paul** Taniguchi a life estate is not wrong.  Shirley's Trust gave Paul "the right to live in the family house rent-free[.]"

> Traditionally, the descriptive words denoting a life tenancy are "use and occupation."  The distinction is critical as a right of occupancy is a personal privilege only. . . . Further indicia of a right of occupancy can be found where there is no language from which the added rights and responsibilities of a life estate can be implied and no right exists to lease or collect rents and the responsibility for maintenance falls upon someone other than the life tenant.

In re Est. of Sauer, 753 N.Y.S.2d 318, 320 (Surr. Ct. 2002) (cleaned up); accord Baker v. Puni, 14 Haw. 179, 180 (Haw. Terr. 1902) (holding that grantor's reservation of "the right to jointly use and occupy said property during her natural life, together with the grantee" "did not give or leave to [grantor] a life estate in more than one-half of the land").  Shirley's Trust gave Paul the right to occupy the Mānoa House; the record does not establish that Shirley's Trust gave Paul the "use" of the Mānoa House or the right to lease it and collect rents.

The circuit court found:

> 18.    Collection of all sums known or believed to be due and collectible for the Estate has been made.

5

The finding is supported by substantial evidence in the record (the estate's Final Accounts). It is not clearly erroneous.

The circuit court concluded:

> 2. [Paula]'s declaration attached to her "Petition for Allowance of Claim" was not based on personal knowledge and contains statements that are speculative and are not supported by any documentation or admissible evidence.

This is a combined finding and conclusion. The record contains no evidence to the contrary. It is not clearly erroneous.

The circuit court concluded:

> 5. [Paula] carried the burden of proving her Creditor's claim and failed to do so.

The circuit court was not wrong. D'Herblay v. Macomber, 20 Haw. 274, 276 (Haw. Terr. 1910) (requiring that "the plaintiff shall have first established the fact that he is a creditor of the decedent's estate, and that his claim is valid and genuine.").

The circuit court concluded:

> 10. All just claims against and debts of the Estate and all expenses of administration thus far incurred and all taxes that have attached to or accrued against the Estate have been paid or will be paid prior to distribution.
>
> 11. All duties, required by law or orders of this Court of which a faithful and prudent personal representative should do, have been performed.
>
> 12. [Kimii]'s Final Account showing that the Estate had no receipts or disbursements as all assets were held in Trust is approved.
>
> 13. The Estate is in a condition to be closed.

These combined findings and conclusions are supported by substantial evidence in the record (the Certificate Re No Estate and Transfer Tax Due and Final Accounts) and reflect an application of the correct rule of law. They will not be overturned. See Est. of Klink, 113 Hawai'i at 351, 152 P.3d at 523 (noting that a conclusion of law that is supported by the trial court's findings of fact and reflects an application of the correct rule of law will not be overturned).

Paula also argues that she was deprived of her constitutional rights to due process and equal protection.  She did not make that argument below.  Her argument is directed to the circuit court judgment in In re Shirley's Trust.  She contends: "By granting the Petition [in In re Shirley's Trust] and appointing [Kimii and Jonathan] as Co-Trustees of [Shirley's] Trust, the Circuit Court violated [Paula] Taniguchi's constitutional rights to due process and equal protection by denying [Paula] and [Paul] property, possession, and ownership interests in the trust property in which [Paul] Taniguchi has a life estate."  But she appealed from the judgment in In re Shirley's Trust.  We affirmed.  The supreme court rejected her application for a writ of certiorari.  Her collateral attack upon the judgment entered in In re Shirley's Trust is barred.  See First Hawaiian Bank v. Weeks, 70 Haw. 392, 398, 772 P.2d 1187, 1191 (1989) ("As a general rule, a collateral attack may not be made upon a judgment rendered by a court of competent jurisdiction.") (cleaned up).

For the foregoing reasons, the Judgment entered by the circuit court on June 29, 2018, is affirmed.

DATED:  Honolulu, Hawaiʻi, January 10, 2023.

On the briefs:

R. Steven Geshell,
for Claimant-Appellant.

Emily Kawashima Waters,
for Personal Representative-
Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge